**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WAYNE B. SCHMELZLE,**

                    **Plaintiff,**

          **vs.**                                                      **6:07-CV-931 (NAM)**

**MICHAEL J. ASTRUE,**

                    **Defendant.**
_____

**APPEARANCES:**                                          **OF COUNSEL:**

Office of Peter W. Antonowicz                    Peter W. Antonowicz, Esq.
148 West Dominick Street
Rome, NY 13440

Social Security Administration                   Vernon Norwood,
Office of Regional General Counsel               Special Assistant U.S. Attorney
Region II
26 Federal Plaza - Room 3904
New York, NY 10278

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiff Wayne Schmelzle brings this action pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3) of the Social Security Act seeking review of the Commissioner of Social Security's

decision to deny his application for disability insurance benefits ("DIB") and Supplemental

Security Income ("SSI").

**II.     BACKGROUND**

On April 8, 2005, plaintiff filed an application for DIB and SSI alleging disability onset

beginning January 1, 2003.  Plaintiff was 41 years old at the time of the application with past work

experience as a bartender, construction worker, laborer, and laundry department worker.  Plaintiff

claimed that he became disabled on January 1, 2003 due to medical issues resulting from a gun

shot wound to the right shoulder in 1992 and lower back pain.  Plaintiff's application was denied

and he requested a hearing before an administrative law judge ("ALJ").  On September 13, 2006, a

hearing was held and plaintiff attended with his attorney.  On April 21, 2007, the ALJ issued a

decision denying plaintiff's application for benefits.  On July 13, 2007, the Appeals Council

denied plaintiff's request for review making the ALJ's decision the Commissioner's final

determination.  This action followed.

## III.    DISCUSSION

The Social Security Act (the "Act") authorizes payment of disability insurance benefits to

individuals with "disabilities."  The Act defines "disability" as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment

. . . which has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A).  There is a five-step analysis for evaluating disability claims:

> "In essence, if the Commissioner determines (1) that the claimant is
> not working, (2) that he has a 'severe impairment,' (3) that the
> impairment is not one [listed in Appendix 1 of the regulations] that
> conclusively requires a determination of disability, and (4) that the
> claimant is not capable of continuing in his prior type of work, the
> Commissioner must find him disabled if (5) there is not another type
> of work the claimant can do." The claimant bears the burden of
> proof on the first four steps, while the Social Security
> Administration bears the burden on the last step.

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311

F.3d 468, 472 (2d Cir. 2002)); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (internal

2

citations omitted).

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence."  42 U.S.C. § 405(g); *see also Shaw*, 221 F.3d at 131.  Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  The Court may also set aside the Commissioner's decision when it is based upon legal error.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

In this case the ALJ found at step one that plaintiff has not engaged in substantial gainful activity since his alleged onset date. (T. 14).  At step two, the ALJ concluded that plaintiff suffered from "status post gun shot wound right shoulder" which qualified as a "severe impairment" within the meaning of the Social Security Regulations (the "Regulations").  (T. 14).  At the third step of the analysis, the ALJ determined that plaintiff's impairment did not meet or equal the severity of any impairment listed in Appendix 1 of the Regulations.  (T. 16).  The ALJ found that plaintiff had the residual functional capacity ("RFC") "during the course of an 8-hour workday to lift/carry up to 20 lbs. with the left upper extremity, sit for up to 6 hours and stand and/or walk up to 6 hours, with limitations in overhead right upper extremity reaching." (T. 16).  At step four, the ALJ concluded that plaintiff "is unable to perform any past relevant work".  (T. 19).  At the final step, relying on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform".  (T. 19).  The ALJ therefore found that plaintiff was not under a disability as defined by the Social Security Act.  (T. 20).

In seeking federal judicial review of the Commissioner's determination, plaintiff argues that: (1) the ALJ's determination of plaintiff's RFC is not supported by substantial evidence; (2) the ALJ erred as a matter of law by failing to properly develop the record; and (3) the ALJ improperly evaluated plaintiff's allegations of disabling pain.

### A.      Reliance on Medical Consultant as Support for RFC

Plaintiff argues that the ALJ erred when he used, as a foundation for his determination that plaintiff had the residual functional capacity to perform light work, the findings of a State Agency "medical consultant" Michael Saxby[1]  The Commissioner argues that the opinions of Mr. Saxby and consultative examiner Kalyani Ganesh, M.D., constitute substantial evidence that plaintiff can perform light work.

In this case, the ALJ found that, with exception of limited lifting with his right arm, plaintiff could meet the exertional demands of light work.  (T. 20).  In reaching this conclusion, the ALJ found the opinion of State Agency "medical consultant" Michael Saxby was entitled to "significant evidentiary weight",  (T. 19), and that the opinion of Dr. Lawrence Manion, plaintiff's treating physician, was of "limited value."  (T. 19).

Pursuant to 20 C.F.R. § 404.1527(1), every medical opinion, regardless of its source, must be evaluated.  A non-examining source's opinion, including the opinions of state agency medical consultants and medical experts, will generally be given less weight than an examining source's opinion. 20 C.F.R. § 416.927(d)(1); *see also Pogozelski v. Barnhart*, 2004 WL 1146059, at \*13 (E.D.N.Y. 2004) (opinions of non-examining sources entitled to even less weight than an examining consultative physician's opinion).   An opinion, which is based solely on a single

---

[1]The record does not indicate Mr. Saxby's medical qualifications.

examination of plaintiff, deserves limited weight. *See Crespo v. Apfel*, 1999 WL 144483, at \*7 (S.D.N.Y. 1999) ("In making a substantial evidence evaluation, a consulting physician's opinions or report should be given limited weight" because "they are often brief, are generally performed without benefit or review of the claimant's medical history and, at best, only give a glimpse of the claimant on a single day."). Furthermore, "the opinion of a non-examining consultative physician, without more, [is] insufficient to constitute the requisite contrary substantial evidence" to override the diagnosis of a treating physician. *Garzona v. Apfel*, 1998 WL 643645, at \*1 (E.D.N.Y. 1998).

However, it is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. *Coffie v. Comm'r of Soc. Sec.*, 2009 WL 2045618, at \*7 (N.D.N.Y. 2009) (citing 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(f)(2), 416.912(b) (6), 416.913(c), and 416.927(f)(2)). Such reliance is particularly appropriate where the opinions of these examining and non-examining State agency medical consultants are supported by the weight of the evidence. *Id*. (citation omitted).

In this case, Mr. Saxby opined that plaintiff could "lift and/or carry" 20 pounds occasionally and 10 pounds frequently and stand and or walk and sit for "about 6 hours in an 8 hour workday", "with normal breaks". (T. 125). Mr. Saxby further found plaintiff's ability to "push and/or pull" was "unlimited" and that plaintiff had no postural limitations with the exception of "climbing", which he could only do "occasionally". (T. 125-26). Saxby concluded that plaintiff had no postural limitations with the exception of reaching, which was "limited". (T. 126). Saxby explained that his conclusions were based on the consultative examination by Dr.

5

Kaylani Ganesh.  (T. 128).

Dr. Ganesh's opinion, however, does not support Mr. Saxby's findings.  Dr. Ganesh examined plaintiff on May 16, 2005, but made no specific findings regarding plaintiff's limitations. Indeed, Dr. Ganesh opined that plaintiff had "[n]o gross limitation noted to sitting, standing, walking, climbing, bending.  He has mild to moderate limitation to overhead activity." (T. 121).  The opinion of plaintiff's treating physician, Dr. Manion, does not provide support for Mr. Saxby's findings, either.  Dr. Manion opined that plaintiff's ability to lift, carry, sit, stand, and walk were affected by his impairments, but did not specify to what extent.  T. 1134-35. Therefore, there is no medical evidence in the record to support Mr. Saxby's specific findings regarding, *inter alia*, the amount of weight he believed plaintiff could lift and carry, or how long he could sit, stand, or walk.

Accordingly, the ALJ's RFC's determination is not supported by substantial evidence.

### B.    Development of the Record

In this case, plaintiff argues that the ALJ failed in his duty to develop the record because he did not obtain an assessment of plaintiff's residual functional capacity from his treating physician, Dr. Manion.  Since Social Security proceedings are non-adversarial in nature, the ALJ has a "'duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits.'"  *Butts v. Barnhart,* 388 F.3d 377, 386 (2d Cir. 2004) (quoting *Seavey v. Barnhart*, 276 F.3d 1, 8 (1st Cir. 2001)).  The ALJ is under this obligation even when the claimant is represented by counsel.  *See Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) ("[T]he ALJ [must] affirmatively develop the record ... even when, as here, the claimant is represented by counsel.") (quotations and citations omitted)).

6

The record contains a "medical assessment of ability to do work-related activities" by Dr. Manion.  At the time Dr. Manion completed the form, however, he had seen plaintiff only twice. (T. 133-38).  According to the record, after the medical assessment by Dr. Manion, plaintiff saw Dr. Manion nine times.  (T. 141, 142, 144, 146, 147, 150, 153,154, 156).  Moreover, one of the Dr. Manion's reports from a subsequent appointment states that plaintiff "has had a neurosurgical consultation with Dr. Cho and we just received his report of consultation and did not think that he was appropriate for any type of surgical procedure and that he was substantially disabled from gainful employment because of his chronic pain problems."  (T. 154).  There are, however, no records from Dr. Cho, or any indication that the ALJ, or plaintiff's attorney at the time, sought these records.[2]  Further, in view of the lack of specificity in Dr. Manion's medical assessment, and the absence of any specific functional assessment by an examining physician, consultative or treating, the Court finds that the ALJ failed to develop the record.  Upon remand, the ALJ shall attempt to obtain a functional evaluation from plaintiff's treating physician and properly analyze the opinions of the treating physicians, consultative examiner and non-examining consultant according to the Commissioner's Regulations.

Having concluded that the Commissioner's determination of plaintiff's residual functional capacity is not supported by substantial evidence and that further development of the record is required, the Court need not reach plaintiff's arguments regarding the Commissioner's

---

[2] Plaintiff points out that there are references in his medical records to Frank Boehm, M.D., but complains the ALJ failed to obtain records from Dr. Boehm.  The record shows, however, that the ALJ attempted to contact Dr. Boehm at the address plaintiff provided but received no response. T. 52.  During the hearing, the ALJ inquired of plaintiff's attorney whether he was able to obtain Dr. Boehm's records.  Plaintiff's attorney replied: "No, he apparently retired . . . and Dr. Manion . . . states in one of his reports that Dr. Boehm retired . . . .  And apparently he's not only retired but he's left the area.  I tried to get reports or records from him, Dr. Yost and another doctor without success."  (T. 207).  Accordingly, the Court finds that the ALJ discharged his obligation to develop the record with respect to Dr. Boehm.

determination of his credibility as further development of the record may require reevaluation of plaintiff's credibility.

## VI.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk of the Court enter judgment in this case.

**IT IS SO ORDERED.**

Date:  September 1, 2010

Norman A. Mordue
Chief United States District Court Judge